**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, | No. 13-55027 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00492-DMG-E |
| v. | |
| SALLY JEWELL[**], in her official capacity as Secretary of the United States Department of the Interior, et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| And | |
| BRIGHTSOURCE ENERGY, INC., | |
| Intervenor-Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Sally Jewell is substituted for her predecessor, Kenneth Lee Salazar, as Secretary of the United States Department of the Interior.   Fed. R. App. P. 43(c)(2).

Argued and Submitted April 10, 2015
Pasadena, California

Before: KLEINFELD, BENAVIDES[***], and CLIFTON, Circuit Judges.

Western Watersheds Project appeals the district court's summary judgment in favor of the Bureau of Land Management and Brightsource. We have jurisdiction under 28 U.S.C.§ 1291 and affirm.

BLM took the requisite "hard look" at the impacts of the Ivanpah Solar Electric Generating System ("Solar Project") on the desert tortoise. That BLM estimated tortoise populations based on surveys of only adult tortoises did not render its analysis arbitrary. Juvenile tortoises and their eggs were difficult to detect in population surveys, and the vast majority would die from causes unrelated to the Solar Project before reaching reproductive age. BLM's consideration of impacts to the desert tortoise species, rather than individuals, was appropriate. *See Envtl. Prot. Info. Ctr. v. U.S. Forest Serv.*, 451 F.3d 1005, 1010 (9th Cir. 2006). The district court did not abuse its discretion in excluding the extra-record declaration of Dr. Connor and concluding he was not qualified as a desert tortoise expert.

---

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

BLM also adequately discussed the Solar Project's impacts to desert tortoise habitat fragmentation and connectivity. The final EIS qualitatively discussed both fragmentation and loss of connectivity and quantified expected habitat loss. Although not concentrated in a single subsection of the EIS, the analysis allowed for informed decisionmaking and public participation. *Cf. Nat'l Parks & Conservation Ass'n v. Bureau of Land Mgmt.*, 606 F.3d 1058, 1073 (9th Cir. 2010).

BLM considered the cumulative impacts of the DesertXpress railway by assuming it would require a 40-mile long by 500-foot wide corridor. Because the DesertXpress route had not yet been identified when BLM analyzed its impacts, BLM could not have been required to assess the possible impacts to desert tortoise translocation from a plan that had not been sufficiently developed. *See Envtl. Prot. Info. Ctr.*, 451 F.3d at 1014 (noting that an agency cannot be required to do the impractical where insufficient information is available).

It was not arbitrary for BLM to determine that the revised estimates of tortoise population and anticipated mortality did not constitute significant new information and therefore did not require a supplemental EIS. BLM adequately explained its decision not to prepare a supplemental EIS in its Determination of NEPA Adequacy. That more tortoises would be affected did not require the

conclusion that the revised estimates significantly changed the impacts to the tortoise species or make the Solar Project's impacts highly controversial.

BLM also properly reviewed the Eldorado-Ivanpah Transmission Line as a cumulative rather than as a connected project. Because timing precluded BLM from combining the transmission line and the Solar Project in the same EIS, the final EIS adequately incorporated the transmission line by describing its impacts and referring the reader to the draft EIS for the transmission line. *Cf. Northern Plains Resource Council, Inc. v. Surface Transp. Bd.*, 668 F.3d 1067, 1088 (9th Cir. 2011) (noting neither cumulative nor connected actions need be considered in the same EIS when the timing of the applications precludes it). The agency's process did not reflect an effort to divide a project into multiple actions to hide significant impacts. *See id.* at 1087.

BLM's justifications for eliminating the Ivanpah Dry Lake and private lands alternatives were sufficient. BLM explained the Ivanpah Dry Lake floods periodically, dikes that might prevent flooding would be economically prohibitive, and the site offers unique recreational opportunities. BLM also explained that obtaining the private lands would be challenging, risky, and time consuming. The only site that offered sufficient land was too expensive.

Finally, BLM took a hard look at the Solar Project's impacts to birds.  BLM identified potential impacts, discussed relevant scientific studies of similar bird mortalities, and noted limitations in existing data.  BLM also explained why the McCrary study on bird mortality at a solar facility could not be translated into mortality estimates for the Solar Project.

**AFFIRMED.**